IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

QUANTRELL DION REID
    Movant

Vs.                                              Case No. 3:15-CR-07

UNITED STATES OF AMERICA
    Respondent

MEMORANDUM IN SUPPORT OF MOTION PURSUANT
TO TITLE 28 U.S.C. § 2255 TO VACATE SENTENCE

Now comes Quantrell Dion Reid, hereinafter "Movant," pro se and pursuant to Title 28 U.S.C. § 2255(f)(1). Subsection (f)(1) of 2255 allows a prisoner to file a motion for relief with one year of "the date on which the judgment of conviction becomes final" if that judgment was imposed in violation of the United States Constitution or the laws of the United States. Based on this allowance, Movant will assert and demonstrate that he received ineffective assistance of counsel on appeal when due to his lawyer's inattention, the Fourth Circuit refused to consider a meritorious issue.

<u>Relevant Procedural History</u>

On approximately January 21, 2015, a one-count indictment alleging possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), was filed against Movant. Three months later on April 16, 2015, Movant pled not guilty to the one-count indictment and waived a detention hearing. After a series of different hearings Movant elected to pled guilty without a written plea agreement to the charge in the indictment and on January 8, 2016, that guilty plea was accepted. Subsequent to the acceptance of Movant's guilty plea, on May 9, 2016, Movant appeared before this court for the purpose of sentencing. At the

Page **1** of 9

sentencing hearing Movant was sentenced to a term of 180-months imprisonment. This term was the result of Movant's qualification as an armed career criminal pursuant to 18 U.S.C. § 924(e). The basis of this enhancement was Movant's three prior convictions for Virginia Code § 18.2-55, Infliction of bodily injury. Relevant to this pleading is the fact that Movant argued that these convictions did not count as violent felonies under 924(e)'s force clause based on the Supreme Court's 2010 decision in **Johnson v United States.** However, the government argued that the convictions did constitute violent felonies because they required the infliction of bodily injury. There was no discussion about the definition or scope of what constitutes bodily injury under Virginia law. Ultimately, the court sided with the government and found that the Armed Career Criminal Act applied in Movant's case. On appeal counsel argued that because the statute in question allowed a person to inflict injury by means of indirect force, it failed to satisfy the force requirement articulated by the Supreme Court in **Johnson v United States**. This argument was rejected by the Fourth Circuit. **See United States v Reid, 861 F.3d 523 (2017).** Of importance is the fact that counsel thought to argue that the statute did not count as a violent felony because it encompassed the infliction of minor injuries. However, this argument was not considered by the Court of Appeals because counsel attempted to raise it for the first time during oral argument. The Court of Appeals, citing **IGEN Int'l, Inc. v Roche Diagnostics Gmbh, 335 F.3d 303, 308 (4th Cir. 2003)**, held that the late entry of the issue constituted a waiver. Consequently, Movant must bring this claim before this Honorable court for resolution.

Argument

Movant received ineffective assistance of counsel where
counsel's lapse in judgment caused a meritorious issue
to be waived and not considered by the Court of Appeals

In this ground for relief this court is called upon to answer the question of whether Virginia Code Annotated § 18.2-55 in all instances of conviction requires the type of violent force contemplated by the Supreme Court in **Johnson v United States, 559 U.S. 133 (2010)**, despite the fact that the statute can be violated by the infliction of minor injuries. This discrete question was not answered by the Fourth Circuit on direct review because counsel failed to include it in his opening brief. See **United States v Reid, 861 F.3d 523, footnote (4th Cir. 2017) (Affirming that question of whether 18.2-55 satisfies the force clause of ACCA notwithstanding its tolerance of infliction of minor injuries was not answered due to waiver of the issue.)**

The Armed Career Criminal Act (ACCA) provides that a person convicted under 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" committed on occasions different from one another must be sentenced to a mandatory minimum sentence of 15 years imprisonment. **18 U.S.C. § 924(e)(1)**. As used in that statute, "violent felony" is defined to mean:

any crime punishable by imprisonment for a term exceeding one year . . . that-

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; (force clause) or

(ii) is burglary, arson, or extortion, involves use of explosives. (enumerated clause)

The Supreme Court in **Johnson v United States, 135 S. Ct. 2551, 2563 (2015) (Johnson II)** held that the residual clause of § 924(e) was unconstitutionally vague and therefore excised that clause from the statute. Consequently, in order for Movant to properly be designated as an armed career offender, his prior convictions for Virginia Code § 18.2-55 must fit within the definition of 924(e)'s force clause. In **Johnson v United States, 559 U.S. 133 (2010) (Johnson I)**, the Supreme Court considered whether a conviction for simple battery under

Florida law qualified as a "violent felony" under the force clause of the ACCA. The Court held that to satisfy the demands of the force clause, the physical force required by the offense in question must be "violent force- that is, force capable of causing physical pain or injury to another person." **559 U.S. at 140.** The Court observed that "even by itself, the word 'violent' in section 924(e)(2)(B) connotes a substantial degree of force . . . When the adjective 'violent' is attached to the noun 'felony,' its connotation of *strong physical force* is even clearer." **Id.** Thus, for a statute to fall within the force clause, the statute must require in all cases[1] of conviction the use of "strong physical force" as contemplated by the Supreme Court in **Johnson I.** This notion that a statute must require "strong physical force" in order to constitute a violent felony under the ACCA's force clause is shared by the Honorable Richard M. Gergel, U.S. District Court Judge for the District of South Carolina, who in **United States v Roof, 252 F. Supp. 3d 469 (2017)**, amended a previous order to hold that a statute requiring "the intentional causation of *substantial* injury necessarily involves violent physical force" as contemplated by **Johnson I. id. emphasis added.** Prior to this holding, the **Roof** Court concluded that "any felony having as an element the intentional infliction of bodily injury on another person is a crime of violence." **Id.** However, after observing that the "infliction of insubstantial bodily injury does not necessarily involve the use of violent physical force, as that term is defined in Curtis Johnson," the **Roof** Court agreed "with the majority of circuits addressing the issue and [held only] that the intentional infliction of physical injury entails the use of injurious force." **Id.** The substantial injury qualifier adopted in the **Roof** Court's amended holding was so adopted because again, the court gave recognition to the **Johnson I** Court's pronouncement that "the word 'violent' in §

---

[1] In determining whether a crime necessarily requires the use of violent force within the meaning of the ACCA, the Fourth Circuit focuses on "the minimum conduct necessary for a violation" under state law. **Castillo v Holder, 776 F.3d 262, 267 (4th Cir. 2015).**

Page 4 of 9

924(e)(2)(B), connotes a substantial degree of force." **Id.** The **Roof** Court's previous holding missed the mark because it assumed that bodily injury could only be caused by substantial force. However, that assumption fails to account for the fact that minor injuries can be caused by lessor degrees of force than was defined in **Johnson I**[2]. Movant urges this court to arrive at the same conclusion as the **Roof** Court. Such an arrival would make perfect sense because the amended reasoning employed by the **Roof** Court recognizes the reality that any statute penalizing the infliction of minor injuries would *not* necessarily require the "substantial degree of force" required in **Johnson I.** That is, since force that causes an injury was necessarily capable of causing that injury, a crime that tolerates the infliction of minor injuries does not require the sort of substantial force contemplated by the Supreme Court in **Johnson I** and would therefore fail to constitute a violent felony. For this reason, if Movant can demonstrate that § 18.2-55 can be violated by inflicting minor injuries, the ACCA should not apply.

Virginia Code Annotated § 18.2-55, Infliction of Injury, "requires for conviction that a person 'confined in a state, local or regional correctional facility' or a juvenile detention facility 'knowingly and willfully inflict bodily injury on' any non-prisoner lawfully in that facility." **United States v Reid, 861 F.3d 523, 527 (4th Cir. 2017)**. Of relevance to Movant's argument is the defining of the term "bodily injury[3]." Virginia Courts give the term its "everyday, ordinary meaning," including "any detriment hurt, loss, impairment that could fairly be considered an injury to the human body." **English v Virginia, 715 S.E. 2d 391, 395 (Va. Ct. App. 2011).** Further, under Virginia law, one who sustains bodily injury "need not

---

[2] It seems that the government's argument at sentencing assumed that because § 18.2-55 required an injury to the victim, the statute automatically required a "substantial degree of force." **See Transcript of Sentencing Hearing Page 8 line 10 thru Page 9 line 3.** However, this argument suffers from the same infirmity as the first **Roof** holding. Namely, it fails to recognize that minor injuries do not require substantial force.

[3] The definition and scope of the term "Bodily Injury" was not considered at the sentencing hearing.

Page 5 of 9
Case 3:17-cv-00696-MOC   Document 1-1   Filed 12/05/17   Page 5 of 9

experience any observable wounds, cuts, or breaking of the skin." **Id.** Consistent with the foregoing, the **English** Court found that "Bodily injury comprehends . . . any bodily hurt whatsoever." **Id at 395.** Indeed, the United States District Court for the Western District of Virginia found that vomiting resulting from being forced to drink "copious amounts of milk and prune juice" qualified as a bodily injury as defined by Virginia Courts. **Marcantonio v Dudzinski, 155 F. Supp. 3d at 630-31.** Such an injury could hardly be said to be caused by the "substantial degree of force" spoken of by the **Johnson I** Court. In a similar vein, because Virginia considers bodily injury to comprehend "any bodily hurt whatsoever," a sting a corrections officer experiences as a result of a fall from being pushed by an inmate would count as a bodily injury under § 18.2-55. Indeed, the push constitutes an assault or battery and the sting would constitute the "injury" bringing the incident within the province of § 18.2-55. Yet, neither the vomiting nor the sting from the fall could be said to necessitate the type of force contemplated by the **Johnson I** court. This is especially true when one considers the fact that the Fourth Circuit Court of Appeals held that a defendant's act of pushing a robbery victim's shoulder with enough force to cause her to fall was not violent force under **Johnson I**. See **United States v Gardner, 823 F.3d at 803-04 (2016) (Citing State v Eldridge, 677 S.E.2d 14 (N.C. Ct. App. June 2, 2009)**. When one falls as a result of a push, the weight of the victim will always cause some type of "bodily hurt," this fact notwithstanding, the Fourth Circuit still held that the degree of force which could cause such does not count as "violent force" under **Johnson I**. Simply put, if the **Gardner** Court held that a push with enough force to cause a victim to fall does not constitute "violent force" as defined by the Supreme Court; that same push because it causes "any bodily hurt whatsoever" is not somehow transformed into one that constitutes violent force. Further proof of this proposition is found in the "injury" itself. In other words, the severity of the

"injury" indicates the degree of force used to cause the injury. **See Castleman, 134 S. Ct. at 1416-17 (Scalia, J., Concurring in part and in judgment) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result.")** Thus, a minor "bodily hurt" can only be caused by a minor application of force. For this reason Virginia Code § 18.2-55, because it tolerates minor injuries, cannot be said to require a "substantial degree of force" in all cases. To the contrary, the inclusion of minor injuries in the statute reveals that minor force applications are also tolerated.

Ineffective Assistance

As previously stated, it is evident from the Fourth Circuit's footnote in this case on direct appeal that counsel attempted to bring forth a similar argument after the initial briefs were submitted. Inasmuch as counsel's timing alone was the reason the Fourth Circuit refused to address this plausible issue, Movant suffered prejudice in that there is a reasonable probability that the result of the proceeding would have been different absent counsel's mistake. In one sense, the outcome would have been different because the Fourth Circuit would have answered the question now before this court. And in another sense there is a reasonable probability that the outcome would have been different in that the Fourth Circuit could have very well ruled in Movant's favor. That the Fourth Circuit could have ruled in Movant's favor concerning the issue in question is evident from the holding in **Gardner** where the Court held that a push from a robber that caused the victim to fall was not the type of force contemplated by the Supreme Court in **Johnson I.** This holding has relevance to the question presented to this court because the type of conduct and force used in the **Gardner** case would be punishable under the § 18.2-55 statute. It is conduct that could cause a minor injury. Indeed, § 18.2-55 requires only an intentional infliction of bodily injury without regard to how that injury is caused. Therefore, and because bodily injury encompasses "any

Page 7 of 9
Case 3:17-cv-00696-MOC   Document 1-1   Filed 12/05/17   Page 7 of 9

"injury" indicates the degree of force used to cause the injury. **See Castleman, 134 S. Ct. at 1416-17 (Scalia, J., Concurring in part and in judgment) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result.")** Thus, a minor "bodily hurt" can only be caused by a minor application of force. For this reason Virginia Code § 18.2-55, because it tolerates minor injuries, cannot be said to require a "substantial degree of force" in all cases. To the contrary, the inclusion of minor injuries in the statute reveals that minor force applications are also tolerated.

Ineffective Assistance

As previously stated, it is evident from the Fourth Circuit's footnote in this case on direct appeal that counsel attempted to bring forth a similar argument after the initial briefs were submitted. Inasmuch as counsel's timing alone was the reason the Fourth Circuit refused to address this plausible issue, Movant suffered prejudice in that there is a reasonable probability that the result of the proceeding would have been different absent counsel's mistake. In one sense, the outcome would have been different because the Fourth Circuit would have answered the question now before this court. And in another sense there is a reasonable probability that the outcome would have been different in that the Fourth Circuit could have very well ruled in Movant's favor. That the Fourth Circuit could have ruled in Movant's favor concerning the issue in question is evident from the holding in **Gardner** where the Court held that a push from a robber that caused the victim to fall was not the type of force contemplated by the Supreme Court in **Johnson I.** This holding has relevance to the question presented to this court because the type of conduct and force used in the **Gardner** case would be punishable under the § 18.2-55 statute. It is conduct that could cause a minor injury. Indeed, § 18.2-55 requires only an intentional infliction of bodily injury without regard to how that injury is caused. Therefore, and because bodily injury encompasses "any

bodily hurt whatsoever," a push in the vein of the one spoken of in **Gardner** that causes a minor injury or bruise to a corrections officer is punishable under § 18.2-55. This means that the Fourth Circuit could have ruled in Movant's favor had the issue been presented in time. In short, counsel was deficient concerning his failure to present the relevant issue in time and Movant was prejudiced by that deficiency. In a similar vein Movant suffered from deficient performance on the part of counsel at the sentencing hearing. Specifically, Movant contends that counsel was deficient in failing to point out that the statute in question tolerated the intentional infliction of minor injuries and that any bodily hurt whatsoever qualified as an injury. This information was germane to the issue under consideration since the government made prominent the fact that the statute required bodily injury. The government singled this fact out in an effort to convince the court that the 18.2-55 statute was more egregious than a simple battery statute. However, had counsel informed the court that of the expansive definition of bodily injury and the fact that any bodily hurt whatsoever qualified as such, it seems plausible that the court could have ruled in Movant's favor on that basis alone. This contention is plausible since an injury is almost always proportionate to the amount of force used to cause it. That is again, a minor injury suggests minor force and since the statute in question tolerates minor injuries, minor force is also tolerated. In short, counsel failed to supply the court with enough relevant information about the 18.2-55 statute for the court to make a decision based on the unique characteristics of the statute in question. In this sense counsel seemed unprepared. This is so because the 18.2-55 statute was the sole basis for the ACCA enhancement. Therefore, counsel was obligated to acquaint himself with the statute so that he could competently argue the issue at sentencing. To the extent that the Supreme Court in **Strickland v Washington, 466 U.S. 668 (1984)**, requires a showing of deficient

performance and resulting prejudice in order to establish an ineffective assistance claim, Movant contends that the aforementioned facts serve to meet this standard.

## Conclusion

Movant respectfully and humbly moves this Honorable Court to embrace the foregoing reasoning and hold that § 18.2-55 does not count as a violent felony under the ACCA.

Respectfully submitted this 28th day of November 2017.

/s/ *Quantrell Reid*

Page 9 of 9
Case 3:17-cv-00696-MOC   Document 1-1   Filed 12/05/17   Page 9 of 9