IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:17CV696-MOC
(3:15CR7)


QUANTRELL DION REID, )
)
Petitioner, )
)
vs. )
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____ )


## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Quantrell Dion Reid has moved to vacate, correct, or set aside his sentence

pursuant to 28 U.S.C. § 2255, arguing that his appellate counsel provided

ineffective assistance when challenging whether his prior Virginia convictions were

crimes of violence. The United States respectfully requests that this Court deny the

motion because Reid cannot show deficient performance or prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

In July 2014, Reid smashed the windows of his girlfriend's car with a stolen

12-gauge shotgun. Doc. No. 37, ¶ 5 (PSR).[1] Police officers located Reid after his

girlfriend reported his conduct. *Id.* ¶¶ 5–6. However, Reid ran when he

---

[1] Unless otherwise indicated, all docket references refer to documents in the
underlying criminal proceeding.

encountered the officers. *Id.* ¶ 6. He then got into a white Mazda driven by his mother. *Id.* Police stopped the car, and Reid's mother consented to a search. *Id.* Officers recovered the shotgun from the vehicle and placed Reid under arrest. *Id.* When placed in a police patrol car, Reid became combative, biting off a microphone, attempting to kick the car door into an officer, and attempting to bite an officer who sought to obtain a buccal swab. *Id.* ¶ 10. At the time of his conduct, Reid had three prior felony convictions for violating a Virginia statute prohibiting prisoners from knowingly and willfully inflicting bodily injury on prison staff. *Id.* ¶¶22, 29–31; *see* Va. Code § 18.2-55 (providing that it is unlawful for a person in custody "to knowingly and willfully inflict bodily injury").

A grand jury indicted Reid, charging him with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc. No. 1. Although Reid entered and then withdrew a guilty plea, he eventually pleaded guilty to the offense straight up. Doc. Nos. 17, 27, 31. After a plea hearing, the magistrate judge accepted Reid's guilty plea, finding that it was knowingly and voluntarily made. Doc. No. 31, at 4.

A probation officer prepared a presentence report, which recommended that Reid be sentenced as an armed career criminal based on his three prior Virginia convictions for inflicting bodily injury. PSR ¶ 22. Reid objected to the PSR, arguing that he did not qualify as an armed career criminal. Doc. Nos. 36, 41–42. He asserted that misdemeanor battery was a lesser-included offense of the charge, and that the class of the perpetrator and victim, here a prisoner and an officer, should

2

not elevate what would otherwise be a misdemeanor offense to a crime of violence. Doc. No. 42, at 3–4.  He contended that battery, which could include an injury or no significant injury, was not a violent felony.  *Id.* at 4.  At sentencing, Reid again argued against application of the Armed Career Criminal Act (ACCA), asserting that his prior offenses did not necessarily qualify as crimes of violence.  Doc. No. 55, at 5–7, 12–13 (Sent. Tr.) (citing *United States v. Vinson*, 805 F.3d 120 (4th Cir. 2015) (holding that a North Carolina misdemeanor assault conviction lacked the requisite intent to qualify as a misdemeanor crime of domestic violence).  The government countered that the elements of § 18.2-55 were distinguishable from battery because they include knowingly and willfully inflicting bodily injury, which meets the definition of physical force set forth in *United States v. Johnson*, 559 U.S. 133, 140 (2010) (defining "physical force" as "force capable of causing physical pain or injury to another person").  *Id.* at 8–9.  This Court rejected Reid's argument and sentenced him to 180 months of imprisonment, the mandatory-minimum term under the ACCA.  *Id.* at 13, 18.

Reid appealed.  On appeal, he asserted that this Court erred by finding that his prior Virginia convictions qualified as crimes of violence.  In particular, he argued that a conviction under § 18.2-55 does not categorically qualify as a crime of violence under the force clause because it lacks as an element the use of physical force against the person of another, since it may be committed through indirect means.  *United States v. Reid*, 861 F.3d 523, 526 (4th Cir.), *cert. denied*, 138 S. Ct. 462 (2017).  The Fourth Circuit held that "§ 18.2-55's element of 'knowingly and

willfully inflict[ing] bodily injury' on another person squarely matches ACCA's force clause, which requires force that is 'capable of causing physical pain or injury." *Id.* at 527. Accordingly, the Court held that a conviction under this statute "falls within ACCA's definition of a violent felony and therefore serves as a predicate offense under § 924(e)(1)." *Id.* at 529. The Court noted that Reid also had argued that a person could violate § 18.2-55 by inflicting only minor injuries so the statute did not categorically require violent force, but the Court found that this argument was waived because it was raised for the first time at oral argument. *Id.* n.\*.

Reid timely filed the present motion to vacate in December 2017. Civ. Doc. No. 1. He argues that his appellate counsel provided ineffective assistance by not raising, until oral argument, the claim that his prior convictions did not qualify as crimes of violence because they could be committed based on minor injuries. Civ. Doc. No. 1-1 (Pet'r's Br.).

## ARGUMENT

**Reid's claim that appellate counsel provided ineffective assistance should be dismissed because he cannot show deficient performance or prejudice where the issue he contends that counsel should have raised has not been decided in Reid's favor.**

Under the Sixth Amendment, criminal defendants have the right to effective assistance of counsel. U.S. CONST. amend. VI. To prevail on a § 2255 claim of ineffective assistance of counsel, a petitioner has the burden of establishing both (1) that defense counsel's performance was deficient, in that counsel's "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and (2) that this deficient performance prejudiced the

4

petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Courts

must apply a "highly deferential" standard in reviewing an attorney's performance

and "must indulge a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance." *Id.* at 689. To establish prejudice, the

petitioner must demonstrate there is "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been

different*." Id.* at 694. "A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Id.* It is not sufficient to show the mere

"'possibility of prejudice.'" *Satcher v. Pruett,* 126 F.3d 561, 572 (4th Cir. 1997)

(quoting *Murray v. Carrier,* 477 U.S. 478, 494 (1986)). In considering the prejudice

prong, a court "can only grant relief under . . . *Strickland* if the 'result of the

proceeding was fundamentally unfair or unreliable.'" *Sexton v. French,* 163 F.3d

874, 882 (4th Cir. 1998) (quoting *Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993)). If

a petitioner fails to conclusively demonstrate prejudice, the reviewing court need

not consider whether counsel's performance was deficient. *United States v. Terry,*

366 F.3d 312, 315 (4th Cir. 2004).

Courts should ordinarily only find ineffective assistance for failure to raise

claims on appeal when "ignored issues are clearly stronger than those presented."

*Smith v. Robbins*, 528 U.S. 259, 288 (2000) (internal citation and quotation

omitted). "In most cases, an unpreserved trial error will not be a plainly stronger

ground for appeal than preserved errors." *Davila v. Davis*, 137 S. Ct. 2058, 2067

(2017). Appellate counsel is not required to assert all non-frivolous issues on

appeal.  *Griffin v. Aiken*, 775 F.2d 1226, 1235 (4th Cir. 1985).  Rather, "it is the hallmark of effective appellate advocacy" to winnow out weaker arguments and to focus on more promising issues.  *Smith v. Murray*, 477 U.S. 527, 536 (1986).  The Constitution guarantees only "a competent attorney," but "does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134 (1982).  Thus, "[a] decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993).  Additionally, the petitioner still bears the burden to show that there is a reasonable probability that but for counsel's failure to raise an issue on appeal, the result of the proceeding would have been different, i.e., he would have prevailed on appeal.  *See Robbins*, 528 U.S. at 285–86.

Reid argues that, although counsel argued that his prior Virginia convictions were not crimes of violence under the force clause, counsel provided ineffective assistance when he did not contend until oral argument that his prior convictions were not crimes of violence because the Virginia statute encompassed the infliction of minor injuries.  Pet'r's Mem. 2–3, 7–9.  He asserts that "injury is almost always proportionate to the amount of force used to cause it," and that infliction of a minor injury suggests the use of minor force.  *Id.* at 8.  Reid argues that he was prejudiced because the Fourth Circuit did not consider this issue, and he asserts there is a reasonable probability that the result of his appeal otherwise would have been different.  Pet'r's Mem. 7.

Here, Reid cannot show that counsel was constitutionally deficient. Counsel argued on appeal that Reid's prior convictions did not qualify as crimes of violence under the force clause in § 924(e)(2)(B)(i) because they did not have as an element the use of physical force against the person of another as the offense could be committed through indirect means. *Reid*, 861 F.3d at 526. This argument was made based on Fourth Circuit precedent—*United States v. Torres-Miguel*, 701 F.3d 165, 167–69 (4th Cir. 2012). *Id.* at 529. Counsel's argument was compelling enough that the Fourth Circuit granted oral argument on the issue and issued a published decision clarifying that, following the Supreme Court's decision in *United States v. Castleman*, 134 S. Ct. 1405 (2014), the "use of physical force" includes indirect applications of force. *Reid*, 861 F.3d at 529. In the ever-changing landscape of crimes of violence, counsel was not ineffective for raising this argument, but not asserting it was not a crime of violence because it could be violated through the infliction of minor injuries. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (holding counsel's conduct must be viewed in light of the facts of the case and "as of the time of counsel's conduct"); *Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2011) (en banc) (holding to overcome the presumption of reasonableness a petitioner must show that "no competent counsel" would have failed to raise the issue).

Counsel's failure to raise a novel argument that Reid concedes was not preserved below, *see* Pet'r's Br. at 5 n.2, 8, was not deficient. *See Davila*, 137 S. Ct. at 2067; *Engle*, 456 U.S. at 134; *United States v. Gregory*, 30 F. App'x 55, at *2 (4th

7

Cir. 2002) (holding that even where a claim is not novel, the failure to raise such an issue does not imply ineffective assistance); *Jones v. United States*, 2011 WL 6780786 (W.D.N.C. 2011) (unpublished) (rejecting ineffective assistance claim based on counsel's failure to raise an argument that was not dictated by binding precedent). Reid relies on the nonbinding decision in *United States v. Roof*, 252 F. Supp. 3d 469, 478, 481–82 (D.S.C. 2017), *appeal filed*, No. 17-3 (May 23, 2017), which states that intentionally causing injury necessarily involves the use of force and that intentionally causing substantial bodily harm involves the use of violent physical force. Reid argues that "if" he can demonstrate that the Virginia statute can be violated by inflicting minor injuries, the ACCA should not apply. Pet'r's Br. 5. Reid cites to a case involving maliciously causing bodily injury and a hazing case, *see* Pet'r's Br. 5–6, but offers no examples of violations of § 18.2-55 that show it was violated through minor injuries, much less any precedent showing that a conviction under § 18.2-55 does not qualify as a violent felony. Accordingly, Reid has not shown deficient performance or prejudice. Simply because the argument that counsel raised on appeal lost, does not mean that counsel was deficient for failing to brief the novel argument Reid wishes counsel had raised, nor does this show that raising this issue was reasonably likely to have changed the result of his appeal.[2] *See Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) ("[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom'").

---

[2] As the government argued at sentencing, the intentional infliction of bodily injury is sufficient to meet the definition of physical force in *Johnson*.

Because Reid has not shown ineffective assistance of counsel on appeal, his motion to vacate should be denied.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court deny Reid's motion.

RESPECTFULLY SUBMITTED this 14th day of June, 2018.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

s/Elizabeth M. Greenough
Elizabeth M. Greenough, N.Y. Bar No. 2667905
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Telephone:    704-344-6222
Fax:              704-344-6229
Email: Elizabeth.Greenough@usdoj.gov

9

## CERTIFICATE OF SERVICE

I certify that I caused to be served a copy of the above response upon the Petitioner by U.S. Mail at the following address:

Quantrell Reid
No. 29954-058
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525

This 14th day of June, 2018.


s/Elizabeth M. Greenough
Assistant United States Attorney
USAO Charlotte, NC